**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **BERNARD JAWALSKI MALONE SR** | **CIVIL CASE NO. 25-977** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SHERIFFS OFFICE BOSSIER PARISH** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (R. Doc. 19) filed by Bernard Malone Sr. ("Plaintiff"). The motion is unopposed. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

This case arises from Plaintiff's alleged wrongful termination. Plaintiff initiated this suit on July 8, 2025. R. Doc. 1. Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction. *See* R. Doc. 14. We granted the motion and dismissed Plaintiff's Complaint without prejudice on the basis that Plaintiff "failed to list any federal statute, treaties, and/or provision of the Constitution" in the section titled "Basis for Jurisdiction" of his Complaint. *See* R. Doc. 18 at 4. Now, Plaintiff "ask[s] permission to reconsider [the Court's] ruling" *See* R. Doc. 19 at 1. Attached to the Motion is a "Complaint for Damages and Demand for Jury Trial" in which he details his claims for relief and explicitly states that the claims arise from the Americans with Disabilities Act ("ADA"). *See* R. Doc. 19-1.

Plaintiff's only argument within the Motion itself is that he has made the "necessary corrections" and asks the case be "reopen[ed]" with the "corrections added to it." R. Doc. 19.

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *See Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration is evaluated either under Rule 59(e) as a motion "to alter or amend judgment," or Rule 60(b) as a motion for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994). Specifically, if the motion for reconsideration is filed and served within 28 days of the rendition of judgment, the motion falls under Rule 59(e). *See Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014). Because the current motion was filed within 28 days of the judgment, *see* R. Docs. 18 & 19, the Court will consider it under Rule 59(e).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002).

Here, Plaintiff has made no such argument indicating a change in the controlling law, the availability of new evidence, or the need to correct a clear error of law. In fact, Plaintiff's sole argument that he has made the "necessary corrections" by identifying the basis of subject matter jurisdiction seems to acknowledge there is no error of law in the dismissal of his claim. *See* R. Doc. 19 at 1. Furthermore, Plaintiff's attempt at amendment likewise fails. Rule 15(a)(1)(B) allows a party to amend their pleadings once as a matter of course "within 21 days of a after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Defendant's motion to dismiss for lack of subject matter jurisdiction, *See* R. Doc. 14, gave Plaintiff the opportunity to amend freely as a matter of course and clearly identified the deficiencies of the original Complaint, R. Doc. 1. Fed. R. Civ. P. 12(b)(1). Plaintiff made no attempt to do so, and a motion for reconsideration is not an appropriate vehicle to make such amendments. *See MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, No. 05-1634, 2006 WL 2365570, at *1 (S.D. Tex. Aug. 15, 2006), *aff'd*, 264 F. App'x 900 (Fed. Cir. 2008) ("A motion for reconsideration, however, is not the proper vehicle for making arguments that could and should have been presented prior to the Court's ruling").

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Reconsideration (R. Doc. 19) is **DENIED**

**THUS DONE AND SIGNED** this 1st day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**